UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARSHA WHITE,

        Plaintiff,      12-CV-6288 CJS

  -v-

UNIVERSITY OF ROCHESTER,
STRONG MEMORIAL HOSPITAL,

        Defendant.

---

APPEARANCES

| | |
|---|---|
| For Plaintiff: | Theodore S. Kantor, Esq.<br>Bilgore, Reich, Levine & Kantor LLP<br>16 East Main Street<br>950 Reynolds Arcade Building<br>Rochester, New York 14614 |
| For Defendants: | Stephen J. Jones, Esq.<br>Nixon Peabody LLP<br>1300 Clinton Square<br>Rochester, New York 14604 |

INTRODUCTION

   This is an action for employment discrimination brought pursuant to the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Employee Retirement Income Security Act ("ERISA").  Now before the Court is Defendant's motion to dismiss the ERISA cause of action, for failure to state a claim.  The application is granted.

BACKGROUND

Plaintiff is a 57-year-old woman who has been employed as a Registered Nurse by Defendant for approximately thirty-six years. Plaintiff worked for many years as a full-time employee, but more recently as a part-time employee in the hospital's Neo-Natal Intensive Care Unit ("NICU"). Currently, Plaintiff is on long-term disability leave for depression, anxiety and stress-related conditions.

Plaintiff indicates that when she was working part-time in the NICU, she took prescribed medicine during her shift for her emotional/mental condition, which drew negative comments from co-workers. Plaintiff also indicates that she was directed to begin using a new computer program, but was not given enough time to learn the program. Plaintiff became "stressed out" by the new program, and asked for assistance, but, in her view, was not given "reasonable accommodation" to complete her training. Complaint [#1] ¶ 17.

On several occasions, supervisors have asked Plaintiff why she does not retire. Plaintiff views such inquiries as being "a form of age discrimination," which is also "in violation of the ERISA laws." Complaint [#1] ¶ 19. Plaintiff indicates that human resources employees have given her unspecified "conflicting and erroneous information" about whether she is qualified to retire as a full-time employee. *Id*. at ¶ 20. Plaintiff has expressed an interest in retiring, provided that she can retire "as a full-time employee," even though she is currently a part-time employee. *Id*. at ¶ 23. Plaintiff indicates, though, that she was informed that while there was "no formal written personnel policy preventing [her] from retiring as a full-time employee, as a result of having worked for numerous years as a full-time employee, that [she] was not going to be permitted to retire as a full-time

2

emmployee because at that particular time [she] was working as a part-time employee and no credit was going to be given to [her] for all of [her] years of previous full-time employment." *Id*. at ¶ 24. After being told that, Plaintiff informed Defendant that she did not want to retire as a part-time employee. *Id*. at ¶ 25. Subsequently, Defendant told Plaintiff that she would be permitted to retire as a full-time employee, provided that she first worked in a full-time position for at least four months. *Id*. at ¶ 35.

On the same day that Plaintiff informed her supervisor that she did not want to retire, her Nurse Leader Supervisor told her that she was "no longer a 'good fit' for the [NICU], for 'safety reasons.'" Complaint [#1] ¶ 26. Plaintiff also states that a Head Nurse/Nurse Leader told her to "retire, quit or be fired" because she had received two unfavorable patient survey responses. *Id*. at ¶¶ 21-22. Plaintiff does not specifically allege that she was fired from her position in the NICU, but does indicate that she was removed from certain assignments. *Id*. at ¶ 33.

Plaintiff states that she met with Defendant's Office of Nursing Recruitment to find another job within the hospital. At the same time, Plaintiff indicates that she requested some type of accommodation for her mental/emotional disabilities, but was told that Defendant only made accommodations for employees with physical disabilities. *Id*. at ¶ 30. In or about September 2011, Plaintiff went on medical disability leave. *Id*. at ¶ 34.

On May 29, 2012, Plaintiff commenced this action. Base upon the foregoing factual allegations, the third cause of action in Plaintiff's Complaint purports to state a claim under "the ERISA laws," without specifying a particular section of that statute. Complaint [#1] ¶ 46.

On July 12, 2012, Defendant filed the subject motion [#3] to dismiss the third cause of action, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Defendant maintains that the Complaint could only potentially state a claim under two sections of ERISA: Section 502(A)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), or Section 510 (29 U.S.C. § 1140). However, Defendant contends that the Complaint does not plead a plausible claim under either section. Defendant states that, as to Section 502(A)(1)(B), Plaintiff has not pleaded that she exhausted her administrative remedies as required, and that as to Section 510, she has not pleaded sufficient facts to state a plausible claim.

In response, Plaintiff maintains that she has stated a plausible claim under ERISA, though she again fails to specify which section or sections she is proceeding under. *See*, Pl. Memo of Law [#4] at p. 2 ("Plaintiff's Third Cause of Action seeks to state a claim under ERISA, 29 U.S.C. § 1001, *et seq*."). Plaintiff does not specifically claim to state a claim under Section 502(A)(1)(B), but, at most, seems to indirectly address Defendant's argument on that point by stating: "It is not correct that *every alleged violation of ERISA* requires that a plaintiff commence administrative procedures prior to commencing a lawsuit in federal court." Pl. Memo of Law [#4] at p. 5 (emphasis added). Of course, Defendant never indicated that. Rather, Defendant indicated that Plaintiff was required to exhaust administrative remedies before pursuing a claim under Section 502(A)(1)(B), and Plaintiff does not refute that contention.

On the other hand, Plaintiff's response at least implies that she is pursuing a claim under ERISA Section 510. On this point, Plaintiff refers to that section, and contends that she has alleged sufficient facts suggesting that Defendant engaged in "improper and unlawful behavior under ERISA," "to either deprive or interfere with [her] attainment of her

4

rights to retire with a proper level of paid benefits in accordance with Defendant's 'employee benefit plan,' as defined in 29 U.S.C. [ § § ] 1002, 1140, *et seq*." Pl. Memo of Law [#4] at p. 6. Plaintiff further contends that she "has sufficiently alleged that the Defendant has wrongfully threatened her attainment of employee benefit plan benefits if she did not accede to the Defendant's unilateral wishes that 'she just retire.'" *Id*.[1]

On the basis of Defendant's motion, Plaintiff's response and Defendant's reply, the Court is prepared to make its ruling without oral argument.

## DISCUSSION

Defendant has moved to dismiss under Rule 12(b)(6), and the applicable standard for such a motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his

---

[1]Plaintiff also states that Defendant discriminated against her "by reason of her *age and disability* in the attainment of these benefits," presumably referring to retirement benefits, and cites *Edwards v. Akzo Nobel, Inc.*, 103 F.Supp.2d 214, 217-218 (W.D.N.Y. 2000). Pl. Memo of Law [#4] at p. 7 (emphasis added). However, Plaintiff's allegations of age- and disability-related discrimination go to her claims under the ADEA and ADA, not ERISA, and the *Edwards v. Akzo Nobel* decision does not support her argument.

5

claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly*) (footnote omitted). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

### *ERISA Section 502(a)(1)(B)*

Failure to exhaust administrative remedies under ERISA is an affirmative defense, not a jurisdictional defect. *Paese v. Hartford Life and Acc. Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006) ("[W]e hold that a failure to exhaust ERISA administrative remedies is not jurisdictional, but is an affirmative defense."). [2] Moreover, a plaintiff is not required to plead the absence of an affirmative defense. *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996). Accordingly, Defendant's contention that Plaintiff was required to plead exhaustion of administrative remedies in connection with a claim under Section 502(a)(1)(B) is incorrect.

---

[2] Despite this, some courts have continued to dismiss ERISA claims for failure to plead exhaustion of administrative remedies. *See, e.g., Morillo v. 1199 SEIU Benefit and Pension Funds*, 783 F.Supp.2d 487, 490 (S.D.N.Y. 2011)("Although the Second Circuit, in *Paese*, announced that failure to exhaust administrative remedies is an affirmative defense in an ERISA action, rather than a bar to federal jurisdiction, *Paese*, 449 F.3d at 439, courts in this Circuit have continued to grant motions to dismiss ERISA claims under Fed.R.Civ.P. 12(b)(6) where a plaintiff has failed to allege exhaustion of administrative remedies.") (citations omitted). Indeed, this Court has previously done so inadvertently. *See, Barrus v. Dick's Sporting Goods, Inc.*, 732 F.Supp.2d 243, 259 (W.D.N.Y. 2010) ("Plaintiffs must plead exhaustion of administrative remedies provided under the plan, and the Court finds no facts plead in this regard. Accordingly, the Court finds that Plaintiffs have not plead a plausible ERISA recordkeeping claim.").

Nevertheless, the Complaint does not purport to assert a claim under Section 502(a)(1)(B), nor does it plead sufficient facts to plausibly state such a claim. In that regard, the elements of such a claim are clear:

> ERISA section 502(a)(1)(B) ... permits a participant or beneficiary of an ERISA-covered benefits plan to bring a civil action to recover benefits due to him under the terms of his plan. . . . . To prevail under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan.

*Guerrero v. FJC Sec. Services Inc.*, 423 Fed.Appx. 14, 16, 2011 WL 1938673 at *2 (2d Cir. May 23, 2011). Significantly, Plaintiff does not plead the existence of any particular ERISA plan. That is, while Plaintiff suggests that she was somehow entitled to retire as a full-time employee at a time when she was only working part-time, she has not even hinted at the existence of any specific plan provision or work rule that would allow her to do so. Instead, such "claim" seems to be based entirely on her subjective opinion that her prior work as a full-time employee entitled her, in fairness, to retire as a full-time employee. The Complaint therefore does not state a claim under Section 502(a)(1)(B).

### ERISA Section 510

In response to Defendant's motion, Plaintiff maintains that she has stated a claim under ERISA Section 510, which states, in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension

> Plans Disclosure Act. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act.

29 U.S.C.A. § 1140 (West 2012). Thus, the discriminatory intent required under Section 510 is the intent to interfere with or deny rights protected by ERISA or an ERISA plan.

Plaintiff has not pleaded a plausible claim under Section 510. Instead, she merely asserts, in conclusory fashion, that she has done so:

> In this Complaint, the Plaintiff has clearly alleged sufficient facts by which a determination at this pleading stage may be made that sufficient allegations of improper and unlawful behavior under ERISA has been practiced herein by the Defendant's representatives, to either deprive or interfere with the Plaintiff's attainment of her rights to retire with a proper level of paid benefits in accordance with the Defendant's 'employee benefit plan,' as defined in 29 U.S.C. [§§]1002, 1140 et seq.
> 
> ***
> 
> Plaintiff has sufficiently alleged that the Defendant has wrongfully threatened her attainment of employee benefit plan benefits if she did not accede to the Defendant's unilateral wishes that 'she just retire.'

Pl. Memo of Law [#4] at p. 6. However, as already discussed above, the actual Complaint does not plausibly plead the existence of any plan or provision that would entitle Plaintiff to retire as a full-time employee when she was working as a part-time employee. Consequently, Plaintiff has not alleged that she had an ERISA right or interest that was denied or interfered with. Moreover, it is hardly suggestive of an intent to deny Plaintiff benefits that, in response to her inquiries, Defendant offered her the opportunity to retire as a full-time employee if she worked only four additional months as a full-time employee. Complaint [#1] ¶ 35. Furthermore, there seems to be little motivation for Defendant to

deny Plaintiff full-time retiree status, since, as she admits, such status would only require "slightly more of a contribution from the [Defendant] than if [she] retired as a part-time employee." Complaint [#1] ¶ 25. For all these reasons, the Complaint fails to plead a plausible claim under ERISA § 510.

## CONCLUSION

Defendants' motion [#3] to dismiss the third cause of action is granted, without prejudice to Plaintiff later bringing a motion to amend the Complaint to re-plead a claim under ERISA. *See, Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991) ("[D]ismissals for insufficient pleadings are ordinarily with leave to replead.") (citation omitted). Of course, any such application would need to be supported by plausible factual allegations and comply with FRCP 11(b).

SO ORDERED.

Dated:   August 20, 2012
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge